IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TYRONE HATCHER and T. HATCHER :
TRUCKING, LLC,
:
    Plaintiffs,
:
v.                                                                                    CA 14-00409-CG-C
:
PROGRESSIVE SPECIALTY INSURANCE
COMPANY, *et al.*,               :

    Defendants.                     :

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on the Motion to Sever and for Partial Remand filed by Progressive Specialty Insurance Company ("Progressive") (doc. 3), the Motion to Dismiss filed by Progressive (doc. 7), and the Motion to Remand filed by the Plaintiffs (doc. 14). After careful consideration of the parties' briefing and the pleadings, and for the reasons discussed herein, it is **RECOMMENDED** that the Plaintiffs' Motion to Remand (doc. 14) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Dallas County.

Progressive removed this matter from the Circuit Court of Dallas County, Alabama, on September 19, 2014 (*see* doc. 1). On the same date Progressive filed its Notice of Removal, it filed a Motion to Sever and for Partial Remand (doc. 3),[1] and on September 25, 2014, Progressive filed a Motion to Dismiss Count II of the Complaint (doc. 7). On October 20, 2014, the Plaintiffs filed responses to Progressive's motions (docs. 15 and 16) and also filed a Motion to Remand this matter to the Dallas County

---

[1] In its Motion to Sever and for Partial Remand, Progressive requests that the Court sever the claims against the other Defendants and remand Plaintiffs' claims against those Defendants to the Dallas County Circuit Court. (Doc. 3.)

Circuit Court (doc. 14). On November 5, 2014, Progressive filed a response to Plaintiffs' Motion to Remand "conced[ing] that this case is due to be remanded." (Doc. 27.)

Although Progressive's motions were filed before the Plaintiffs' Motion to Remand and remain pending,

> [t]his Court's analysis [must] begin[] with the threshold jurisdictional question raised by [the] Motion to Remand. Absent federal jurisdiction, this Court lacks the power to decide [the] pending Motion to Dismiss, and must immediately remand this action to state court without reaching the question of whether Plaintiff[] ha[s] stated cognizable claims against [the] Defendants. Thus, the Court must first determine whether this action was properly removed from state court.

*Wilks v. Callahan*, Civil Action No. 08–638–CG–M, 2009 WL 2243702, at *3 (S.D. Ala. July 24, 2009) (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000); *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)); *see also Klempner v. Northwestern Mut. Life Ins. Co.*, 196 F. Supp. 2d 1233, 1242-43 (S.D. Fla. 2001) ("Although a motion to dismiss is currently pending in this Court [ ], 'a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.'") (quoting *University of S. Ala.*, 168 F.3d at 411).

The Plaintiffs argue, among other things, that this matter is due to be remanded to Dallas County Circuit Court because Progressive did not timely file its Notice of Removal pursuant to 28 U.S.C. § 1446. (Doc. 14 at 1-3.) Section 1446 provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Here, the Plaintiffs filed this action in the Dallas County Circuit Court on July 24, 2014. (Doc. 1-1 at 5-24.)[2] Progressive was served with the Plaintiffs' pleading on August 19, 2014, (doc. 1-1 at 2-3), and Progressive did not file its Notice of Removal until September 19, 2014, (doc. 1), thirty-one days later. Thus, this case was not timely removed to federal court and is due to be remanded. *See South Dallas Water Authority v. Guarantee Co. of N. Am., USA*, 767 F. Supp. 2d 1284, 1299 (S.D. Ala. 2011) ("The time limit set forth in § 1446(b) 'is mandatory and must be strictly applied.'" (quoting *Holloway v. Morrow*, Civil Action 07-0839-WS-M, 2008 WL 401305, at *2 (S.D. Ala. Feb. 11, 2008)) (second set of internal quotation marks omitted)). Progressive agrees that the Notice of Removal was untimely and that this matter should be remanded. (Doc. 27.)[3] Accordingly, it is **RECOMMENDED** by the undersigned that the Plaintiffs' Motion to Remand (doc. 14) be **GRANTED** and that this matter be **REMANDED** to the Dallas County Circuit Court.

The Plaintiffs have also moved, pursuant to 28 U.S.C. § 1447(c), for attorneys' fees in the amount of $18,000.00, which they state they incurred as a result of Progressive's removal of this case to federal court. (Doc. 14, ¶¶ 10-11; *id.* at 23.)[4] Although section 1447(c) allows a party to seek "just costs and any actual expenses, including attorney fees, incurred as a result of removal," 28 U.S.C. § 1447(c), it is within

---

[2] The Plaintiffs styled this case as a Counterclaim related to a previously filed matter in which the Plaintiffs were defendants, (*see id.*), but it was filed as a new action, (*see* doc. 1-1 at 5-24; *see also* doc. 1 at 2 n.1).

[3] Progressive states that, by mistake, it failed to file its Notice of Removal within thirty days of being served in the state court matter. (Doc. 27.)

[4] Plaintiffs' attorneys state that they expended 90 hours of billable work at an hourly rate of $200.00 for a total of $18,000.00 fees incurred. (Doc. 14 at 23.)

3

the Court's discretion to determine whether to award costs and fees, *see South Dallas Water Authority*, 767 F. Supp. 2d at 1303 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005); *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006)). Considering the circumstances of this case, particularly Progressive's agreement that this case should be remanded due to a straightforward procedural mistake, the undersigned finds the Plaintiffs' $18,000.00 fee request to be unwarranted. Therefore, it is **RECOMMENDED** that the Plaintiffs' fee request (doc. 14, ¶¶ 10-11) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of November 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**